E-FILED
Wednesday, 26 October, 2016 04:01:23 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OFFICE OF THE CLERK

# RUSHVILLE
# SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: OCTOBER 26, 2016

Name: DOTHAN K. ROGERS -v- LIBERTY HEALTHCARE CORPORATION, et al.,

Case Number: ______ ■ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition

☐ Response / Reply

☐ Other (Specify) NEW CASE

Title of Pleading: NEW CASE

(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): 14 Pages

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DOTHAN K. ROGERS

Plaintiff,

v.

LIBERTY HEALTHCARE CORPORATION,
JAMES DIMAS,
GREGG SCOTT,
MICHAEL BEDNARZ,
SHAN JUMPER,
SHARLENE CARAWAY,
AMY LOUCK,
SHELLY GANZ,
KATHLEEN SCHROEDER,
MARK BLACKHURST,
NICOLE HERNANDEZ, and;
KRISTA WILCOXEN,

Defendants.

Case No. ____________________

## COMPLAINT

This complaint asserts a civil rights action pursuant to Title 42 of the United States Code, Section 1983 for the violation of certain rights of the Plaintiff as guaranteed under the United States Constitution and the Illinois Constitution as well as numerous and various federal and state codes and statutes.

## FEDERAL JURISDICTION AND VENUE

Jurisdiction is based on 28 U.S.C. §1331, a civil action arising under the United States Constitution, other federal laws and pendent jurisdiction of civil actions arising under the Illinois Constitution and other state statutes. All claims are based in violation of federally secured rights, federal questions, and in violation of the same or similar rights guaranteed additionally by the state of Illinois.

## II
## THE PARTIES:

A. The Plaintiff:

1. Dothan K. Rogers
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

B. The Defendants.

1. James Dimas
Secretary-designate dept of Human Services
Defendant James Dimas is responsible for directing the IDHS 20/ILCS 1305/1-15. Defendant James Dimas is sued in both his Official and Individual Capacities. At all times pertinent hereto, Defendant Dimas was acting under the color of state law.

2. Mr. Gregg Scott
Senior Program Director
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Gregg Scott has the final approval over all activities and actions taken at the TDF. Defendant Scott is sued in both his official and individual capacity. At all times pertinent hereto, Defendant Scott was acting under the color of state law.

3. Liberty Healthcare Corporation (corporate headquarters)
401 E. City Avenue
Suite 820
Bala Cynwyd, PA 19004

Liberty Healthcare Corporation engaged in the deliberate actions of employing unlicensed therapist to provide Plaintiff medical treatments in violation of state law.

4. Michael Bednarz, Medical Director
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Bednarz is the Facility Medical Director, and he is or was the administrator of the public body known as the Sex Offender Evaluation and Treatment Provider Licensing and Disiplinary Board. Defendant Bednarz is sued in both his individual and official capacities. At all times pertinent hereto, Defendant Bednarz was acting under the Color of Law.

5. Dr. Shan Jumper, Clinical Director
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Dr. Shan Jumper willfully violated Valid State Statute, the SOETP Act 225 ILCS 109/1 providing treatment without being licensed, and assisting or making it possible for others that are not licensed to provide Plaintiff treatment without being licensed. Defendant Jumper is sued in both his individual and official capacities. At all times pertinent hereto, Defendant Jumper was acting under the Color of State Law.

6. Sharlene Caraway, Associate Clinical Director
IL Dept of Human Services
Treatment & Detention Facility
17019 County farm Road
Rushville, IL 62681

Sharlene Caraway willingly violated valid State Statute, SOETP Act 225 ILCS 109/1., proving and aiding others in providing unlicensed treatment. Defendant Caraway is sued in both her official and individual capacities. Att all times pertinent hereto, Defendant Caraway was acting under the Color of State Law.

7. Amy Louck, Clinical Therapist, (Red Team Leader)
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Louck violated valid Illinois Statute in providing care and treatment to the Plaintiff without being licensed under the SOETP Act, and assisted others in doing the same. Defendant Louck is sued in both her individual and official capacities. At all times pertinent hereto, defendant Louck was acting under the Color of State Law.

8. Shelly Ganz, Clinical Therapist Red Team Member
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Ganz violated valid Illinois Statutes that required her to be licensed, and not to promote or assist others in proving unlicensed treatment to Plaintiff. Defendant Ganz is sued in both her official and individual capacities. At all times pertinent hereto, Defendant Shelly ganz was acting under the Color of State Law.

9. Kathleen Schroeder, Clinical Therapist Red Team
IL Dept of Human Services
Treatment & Detention Facility

17019 County Farm Road
Rushville, Illinois 62681

Defendant Schroeder provided and assisted others in providing unlicensed treatment and evaluations to plaintiff in violation of valid State Statute. Defendant Schroeder is sued in both her official and individual capacities. At all times pertinent hereto, Defendant Schroeder was acting under the Color of Law.

10. Mark Blackhurst, Clinical Therapist Red Team
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Mark Blackhurst violated valid state statute and provided treatment to Plaintiff without a license and assisted others in doing the same. Defendant Mark Blackhurst is sued in both his official and individual capacities. At all times pertinent hereto, Defendant Blackhurst was acting under the color of state law.

11. Nicole Hernandez, Clinical Therapist Red Team
IL Dept of Human Services
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Herenandez violated valid state statute providing treatment without a license and assisting others in providing unlicensed treatment. Defendant Hernandez is sued in both her individual and official capacities. At all times pertinent hereto, Defendant Hernandez was acting under the Color of State Law.

12. Krista Wilcoxen, PSA Rehabilitation Director
IL Dept of Human Serivices
Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

## III. LITIGATION HISTORY:

A. Plaintiff has not brought any other lawsuits in State or Federal Court that deal with the same facts or issues presented here.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

A. Plaintiff is not a prisoner and is not under the PLRA. Plaintiff has exhausted whatever relief is possible through internal Complaints at the TDF, through either the Administration, or Clinical Staff.

V

STATEMENT OF FACTS AND CLAIMS:

1. Plaintiff is civilly detained/committed to the Rushville Treatment and Detention Facility, ("TDF") as a Sexually Violent Person, ("SVP") under the Illinois Sexually Violent Persons Commitment Act, ("THE ACT" or "ACT") 725 ILCS 207/1 et seq., for the purpose of being treated for alleged mental illness, disorder, or mental defects that predisposed this Plaintiff to acts of violence, sexual violence, or other forms of uncontrolled behaviors stemming from a lack of volitional control.

2. The control and custody of Plaintiff is by the Illinois Department of Human Services ""IDHS"), Defendant James Dimas is the Secretary of the IDHS and is responsible for directing the IDHS under 20 ILCS 1305/1-15.

3. The entire purpose of the Act itself is public trust and keeping the public safe, these facts have become ingrained in the general knowledge of society itself through various news broadcast, newspaper stories, and laws such as the Sex Offender Evaluation and Treatment Provider Act ("SOETP ACT"). The SOETP Act was signed into law by the governor on August 24, 2012 and it had an effective date of July 1, 2013, (225 ILCS 109/1 et seq., P.A. 97-1098, S.B.3638).

4. The purpose of the SOETP Act "Is to establish standards of qualifications for sex offender evaluators and sex offender treatment providers, thereby protecting the public from persons who are unauthorized or unqualified to represent themselves as licensed sex offender evaluators and sex offender treatment providers, and from unprofessional conduct by persons licensed to practice sex offender evaluation and treatment." 225 ILCS 109/5.

5. The SOETP Act bars any unlicensed individual from providing

treatment to sexually violent persons: "No person may act as a sex offender evaluator, sex offender treatment provider, or associate sex offender treatment provider as defined in this Act for the provisions of sex offender evaluations or sex offender treatment pursuant to the sex offender Management Board Act, The Sexually Dangerous Persons Act, of the Sexually Violent Persons Commitment Act unless the person is licensed to do so by the Department. Any evaluation or treatment services provided by a licensed health care professional not licensed under this Act shall **NOT** be valid under the Sex Offender Management Board Act, The Sexually Dangerous Persons Act, or the Sexually Violent Persons Commitment Act." 225 ILCS 109/40(a).

6. The Defendants in the case either failed to require the Clinical therapist treating this Plaintiff to become licensed, or worse informed the clinical therapist that the license was not required. Despite the fact the valid Illinois Statute required the treatment providers and evaluators to be licensed, the Contracts signed and enforced at the facility by Liberty had/have no such requirement and inform their contracted therapist that they can work at the TDF 18 months without seeking a license or becoming licensed. In several cases, Defendants Caraway and Ganz, upon information and belief, had far exceeded the 18 months allowed under the Liberty Healthcare Corporation, all of which violated Illinois Statute.

7. Defendant James Dimas, the Secretary of the IDHS is under law responsible for directing the TDF and its programs. Defendant Dimas, was sent a demand letter requiring changes be made to the contract as complained of above, and the unlicensed clinical staff. In addition, Dimas was notified through State Court SVP proceedings he was named in, and served in, yet he refuses to take corrective action.

8. Defendant Gregg Scott, who is the program director, is himself unlicensed, and directing various treatment aspects. Scott maintains a staff of Security Therapy Aids ("STA") of various levels of rank that provide various form of treatment to this Plaintiff. accordingly, under the SOETP Act, these STAS are required under the law to be licensed. Further evidencing this need to be licensed is the SOETP Act itself, and the absolute fact that the "Central Management System, Resident Handbooks, and all other written sources the Plaintiff can find identifies the STAS as part of the Plaintiff's treatment team and a treatment provider.

9. Defendants Shan Jumper and Sharlene Caraway, failed to obtain the proper license under Illinois Law to provide treatment, or in any way direct, or guide Plaintiff's treatment. The Defendants needed to be licensed on July 1, 2013 and Defendant Caraway, despite being with The TDF for some time did not have any professional license of any kind and did not obtain a license under the SOETP Act until mid 2014, Jumper also was not licensed until the year 2014.

10. Defendants Shelly Ganz, Kathleen Schroeder, Mark Blackhurst, and Nicole Hernandez are all clinical therapist on the Red Treatment Team, all provided Treatment to the Plaintiff, and none of them had a license under the SOETP Act in the year 2013 and some were not licensed until 2015 upon information and belief.

11. Defendant Krista Wilcoxen, is the director of rehabilitation as provides treatment to the Plaintiff despite being unlicensed. The assignments and directions, or guidance provided by Wilcoxen is part of Plaintiff master TX Plans and the Defendant remains unlicensed, and despite Plaintiffs complaints, evaluates Plaintiffs progress and reports same on clinical records for outside evaluators to review.

12. The Treatment Plaintiff receives has been reduced from 15 hours a week, to 7.5. The Treatment is provided by unlicensed clinical therapist who may, or may not hold other licenses for professional health care, however the treatment provided without a license under the SOETP Act is invalid under the law and does not provide any benefit, or actual treatment for the Plaintiff to assist him in his goal of becoming better and being released from the TDF. The Seventh Circuit Court Of Appeals has constantly ruled that in order for the Treatment a Plaintiff is receiving to be Constitutionally adequate, it must provide meaningful treatment for the reason he was committed. Illegal, invalid, treatment, from unlicensed professionals and the untrained, learn on the job, applicants, Liberty Healthcare Corporation seeks to, and has employed and subjected this Plaintiff to does not constitute treatment that would enable Plaintiff to work on gaining his eventual release through engaging in actual, professional, treatment, for an actual mental health issue.

13. The SOETP Act defines "sex Offender Treatment" broadly: "Sex Offender Treatment' means a comprehensive set of planned therapeutic <u>interventions</u> and <u>experiences</u> to reduce the risk of future sexual offending and abusive behaviors by the offender. Treatment may include adjunct therapies to address the unique needs of the individual..." 225 ILCS 109/30. It is without doubt, the defendants in this complaint, Gregg Scott, Shan Jumper, Sharlene Caraway, Amy Louck, Shelly Ganz, Kathleen Scroeder, Mark Blackhurst, Nicole Hernandez, Krista Wilcoxen, as well as Michael Bednarz, have violated this valid Illinois Statute and provided illegal and invalid treatment to the Plaintiff. Providing Plaintiff invalid treatment, is akin to providing Plaintiff no treatment at all.